ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| ALEXIS MARTÍNEZ TORRES<br><br>Parte Recurrente<br><br>V.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Parte Recurrida | TA2025RA00088 | Revisión Judicial procedente del Departamento de Corrección y Rehabilitación, División de Remedios Administrativos<br><br>Respuesta de Reconsideración B-253-25<br><br>Sobre: Bonificaciones Extraordinarias |
|---|---|---|

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Salgado Schwarz y el Juez Monge Gómez.

Salgado Schwarz, Carlos G., Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico a 22 de agosto de 2025.

Comparece Alexis Martínez Torres ("Recurrente" o "Sr. Martínez") y nos solicita, mediante recurso de *Mandamus,* que le ordenemos al Secretario del Departamento de Corrección y Rehabilitación requerirle a la Unidad Socio-penal del Complejo Correccional de Bayamón acreditarle al Recurrente la bonificación extraordinaria por las labores realizadas durante el periodo del 12 de marzo de 2022 al 12 de junio de 2024.

Por los fundamentos que exponemos a continuación, **denegamos** la expedición del auto de *mandamus* y **confirmamos** el dictamen emitido por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación ("DCR").

-I-

El 4 de febrero de 2025, el Recurrente presentó una *Solicitud de Remedio Administrativo*[1]. En esa ocasión, solicito que se evaluaran sus bonificaciones por estudio y trabajo. Como parte de su reclamo, el Sr. Martínez alega que no se le han acreditado las bonificaciones extraordinarias, lo que incide en la fecha de cumplimiento de su sentencia. El 12 de marzo de 2025, la División de Remedios Administrativos de Bayamón emitió una *Respuesta del Área Concernida/Superintendente*[2]. Mediante dicha comunicación, la Sra. Yazmín Cordero Morales ("Sra. Cordero") indicó que habían enviado todos los documentos sobre la bonificación extraordinaria y estaban en espera de la autorización para la adjudicación de los días solicitados. Inconforme con la respuesta de la Sra. Cordero, el 24 de marzo de 2025, el Recurrente presentó una *Solicitud de Reconsideración*[3] por entender que estaba siendo sometido a un "*proceso burocrático de espera*". Posteriormente, la División de Remedios Administrativos acogió la petición de reconsideración.[4] El 21 de mayo de 2025, el DCR emitió una *Resolución*[5] confirmando la respuesta de la Sra. Cordero y explicando el procedimiento requerido a fin de evaluar la concesión de las bonificaciones extraordinarias. Además, se le recomendó al Recurrente solicitar entrevista con el personal del Área de Récord Criminal. Inconforme con la

---

[1] Véase Anejo 1 del recurso de revisión administrativa.
[2] *Íd.*, Anejo 2.
[3] *Íd.*, Anejo 3.
[4] *Íd.*, Anejo 4.
[5] Véase Apéndice del recurso de revisión administrativa.

determinación, el Sr. Martínez acudió ante este Tribunal mediante recurso de revisión administrativa.

-II-

## A. Mandamus

El recurso de *mandamus* es un auto discrecional y altamente privilegiado cuyo propósito es ordenar a un funcionario público o a un tribunal de inferior jerarquía, al cumplimiento de algún acto o deber no discrecional que le ha sido impuesto por ley.[6] Ese acto tiene que formar parte de los deberes y atribuciones de quien es compelido, ya que el auto de *mandamus* no confiere nueva autoridad ni tampoco provee facultades adicionales.[7]

La doctrina establece que antes de presentar un recurso de *mandamus* es requisito que el peticionario le haya requerido al demandado el cumplimiento del deber ministerial que se le exige.[8] No obstante, esta condición cuenta con dos excepciones: primero, cuando es claro que el requerimiento sería uno inútil e infructuoso, pues hubiese sido denegado si se hubiera hecho; segundo, cuando el deber que se pretende exigir es uno que gira en torno a asuntos de gran interés y carácter público. De igual forma, no procede el *mandamus* cuando haya un recurso adecuado y eficaz en el curso ordinario de la ley.[9] El propósito de este recurso no es reemplazar remedios legales, sino suplir la falta de ellos. Además, la naturaleza altamente

---

[6] Artículo 649 del Código de Enjuiciamiento Civil, 32 LPRA § 3421; véase, *Acevedo Vilá v. Aponte Hernández* 168 DPR 443, 454 (2006); *Báez Galib y otros v. C.E.E. II*, 152 DPR 382, 391-392 (2000).
[7] Artículo 649, supra.
[8] *Noriega v. Hernández Colón*, 135 DPR 406, 448-449 (1994).
[9] Artículo 651 del Código de Enjuiciamiento Civil, 32 LPRA § 3423; véase, *Álvarez de Choudens v. Tribunal Superior*, 100 DPR 235 (1975).

privilegiada del recurso conlleva que el mismo no proceda como cuestión de derecho, sino que su expedición descanse en la sana discreción del tribunal.[10]

El auto de *mandamus* por su naturaleza privilegiada, sólo debe ser expedido luego de una sosegada y ponderada evaluación de las circunstancias que lo rodean y luego de que el tribunal quede convencido de que se cumplen con todos los requisitos que lo autorizan. Así lo ha reconocido el Tribunal Supremo:

> Para que deba expedirse un auto de *mandamus*, sin embargo, no es suficiente que el peticionario tenga un derecho claro a los que solicita y que el demandado tenga la obligación correspondiente de permitir el ejercicio de ese derecho. Se trata de un auto "altamente privilegiado", según expresa la ley de su creación, 32 LPRA sec. 3421, y los tribunales tienen necesariamente que medir todas las circunstancias concurrentes, tanto al determinar si debe o no expedirse el auto como al fijar el contenido de la orden, una vez resuelta en la afirmativa la cuestión inicial. En otras palabras, el remedio no se concede ex debito justitiae y tan pronto se reconoce el derecho del peticionario, sino únicamente cuando el tribunal esté convencido de que se cumplirán propósitos de utilidad social e individual. Para esos fines, es indispensable estimar qué efectos tendrá la orden en el adecuado cumplimiento de las responsabilidades del funcionario afectado por ella y hasta qué punto habrá de beneficiar al solicitante. Procede, en síntesis, establecer el más fino equilibrio posible entre los diversos intereses en conflicto.[11]

## B. Deferencia administrativa

La Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico[12] ("LPAUG") autoriza la

---

[10] *Báez Galib y otros*, supra, págs. 391-392 (2000).
[11] *Dávila v. Superintendente de Elecciones*, 82 DPR 264, 283-284 (1960).
[12] Ley Núm. 38 de 30 de junio de 2017, según enmendada.

revisión judicial de las decisiones de las agencias administrativas. Es un principio establecido que los tribunales apelativos debemos otorgar amplia deferencia a las decisiones emitidas por las agencias administrativas, debido a que estas cuentan con vasta experiencia y pericia para atender los asuntos que le han sido delegados por la Asamblea Legislativa.[13] Por lo tanto, las determinaciones de las agencias suponen una presunción de legalidad y corrección que a los tribunales nos corresponde respetar, mientras la parte que las impugne no presente prueba suficiente para derrotarlas.[14] Sin embargo, dicha norma no es absoluta. A tales efectos, nuestro más alto foro ha enfatizado que no podemos imprimirle un sello de corrección a una determinación, so pretexto de deferencia a las determinaciones administrativas que sean irrazonables, ilegales o contrarias a derecho. Nuestro Tribunal Supremo resumió las normas básicas en torno al alcance de la revisión judicial de la siguiente forma:

> [L]os tribunales deben deferencia a las decisiones de una agencia administrativa, pero ésta [sic] cederá cuando: (1) la determinación administrativa no está basada en evidencia sustancial; (2) el ente administrativo erró en la aplicación o interpretación de las leyes o reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó arbitraria, irrazonable o ilegalmente, realizando determinaciones carentes de una base racional, o (4) la actuación administrativa lesionó derechos constitucionales fundamentales. Si el tribunal no se encuentra frente a alguna de esas situaciones, aunque exista más de una interpretación razonable de los hechos,

---

[13] *Hernández Feliciano v. Municipio de Quebradillas*, 2023 TSPR 6, 211 DPR ___ (2023); *O.E.G. v. Martínez Giraud*, 2022 TSPR 93, 210 DPR ___ (2022); *Super Asphalt v. AFI y otro*, 206 DPR 803, 819 (2021); *Graciani Rodríguez v. Garaje Isla Verde*, 202 DPR 117, 126 (2019); *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018).
[14] *Íd.*; *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 215 (2012).

procede que se valide la interpretación que realizó la agencia administrativa recurrida.[15]

El criterio rector bajo el cual los tribunales deben revisar las decisiones administrativas es el criterio de razonabilidad.[16] Bajo este criterio, la revisión judicial se limita a dirimir si la agencia actuó de forma arbitraria o ilegal, o de manera tan irrazonable que su actuación constituya un abuso de discreción.[17] La intervención del tribunal se limita a tres áreas, a saber: (1) si el remedio concedido por la agencia fue apropiado; (2) si las determinaciones de hecho que realizó la agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo visto en su totalidad, y (3) si las conclusiones de derecho del ente administrativo fueron correctas.[18] Nuestro máximo foro ha expresado que esta intervención *"debe ocurrir cuando la decisión administrativa no se fundamente en evidencia sustancial o cuando la agencia se equivoque en la aplicación de la ley."*[19] Siendo así, aquellas determinaciones de hechos formuladas por el ente administrativo deberán sostenerse cuando estén basadas en evidencia sustancial que surja del expediente administrativo considerado en su totalidad.[20]

---

[15] *Íd.*; *Véase*, además, *Super Asphalt v. AFI y otro*, supra, a la pág. 819.

[16] *O.E.G. v. Martínez Giraud*, supra; *Super Asphalt v. AFI y otro*, supra, a la pág. 820; *Graciani Rodríguez v. Garaje Isla Verde*, supra, a la pág. 127.

[17] *Íd.*

[18] *O.E.G. v. Martínez Giraud*, supra; *Torres Rivera v. Policía de PR*, 196 DPR 606, 626-627; *Batista, Nobbe v. Jta. Directores*, supra, pág. 217.

[19] *Rolón Martínez v. Supte. Policía*, supra, a la pág. 36.

[20] *Íd.*; *O.E.G. v. Martínez Giraud*, supra; *Super Asphalt v. AFI y otro*, supra.

Por otro lado, las determinaciones de derecho pueden ser revisadas en su totalidad.[21] No obstante, los tribunales deberán darles peso y deferencia a las interpretaciones que la agencia realice de aquellas leyes particulares que administra.[22] Ahora bien, nuestro más alto foro ha establecido que la deferencia que le deben los tribunales a la interpretación que haga el ente administrativo sobre aquellas leyes y reglamentos que le corresponde poner en vigor, cede si la agencia: (1) erró al aplicar la ley (2) actuó arbitraria, irrazonable o ilegalmente, o (3) lesionó derechos constitucionales fundamentales.[23]

Finalmente, el Tribunal Supremo ha expresado que, conforme a lo anterior, el criterio administrativo no podrá prevalecer en aquellas instancias donde la interpretación estatutaria realizada por una agencia provoque un resultado incompatible o contrario al propósito para el cual fue aprobada la legislación y la política pública que promueve. Así, "*la deferencia judicial al expertise administrativo, concedido cuando las agencias interpretan la ley, tiene que ceder ante actuaciones que resulten irrazonables, ilegales o que conduzcan a la comisión de una injusticia.*"[24]

-III-

En el caso de epígrafe, el Recurrente solicita mediante un auto de *mandamus* que le ordenemos al DCR cumplir con su deber ministerial de acreditarle ciertas bonificaciones extraordinarias. Ahora bien, el

---

[21] *Véase* Sección 4.5 de la LPAUG, 3 LPRA § 9675; *Rolón Martínez v. Supte. Policía*, supra, a la pág. 36; *Torres Rivera v. Policía de PR*, supra, a la pág. 627.
[22] *Íd*.
[23] *Torres Rivera v. Policía de PR*, supra, a las págs. 627-628; *O.E.G. v. Martínez Giraud*, supra, a la pág. 90.
[24] *O.E.G. v. Martínez Giraud*, supra, a la pág. 91.

recurso presentado por el Sr. Martínez carece de los elementos mínimos requeridos para la expedición de un *mandamus*. Tal y como indicamos, el recurso de *mandamus* es de naturaleza extraordinaria y procede únicamente cuando no existen otros remedios adecuados en ley. Ese no es el caso ante nuestra consideración.

Las bonificaciones extraordinarias no se otorgan de manera automática, sino que se debe cumplir con una serie de requisitos, lo que conlleva un proceso de evaluación y adjudicación previa. Según surge de los autos del caso, el DCR acogió la solicitud presentada y está siendo evaluada por el personal encargado de dichos procesos. Es norma ampliamente reiterada en nuestro ordenamiento jurídico que las decisiones administrativas suponen una presunción de legalidad y corrección que debemos respetar. Tal y como señalamos en el acápite II de esta Sentencia, dicha deferencia cede si la agencia erró al aplicar la ley, actuó de manera irrazonable o lesionó derechos constitucionales fundamentales. Mientras ello no ocurra, se debe sostener la determinación administrativa.

A tenor con lo anterior, concluimos que el DCR actuó de manera razonable y dentro de los parámetros que le concede su ley habilitadora. Por lo tanto, no existe razón por la cual debamos intervenir en esta ocasión.

-IV-

Por los fundamentos que anteceden se **deniega** la expedición del auto de *mandamus* y se **confirma** la Resolución impugnada.

        Lo acordó y manda el Tribunal y lo certifica la
Secretaria del Tribunal de Apelaciones.




                    Lcda. Lilia M. Oquendo Solís
                 Secretaria del Tribunal de Apelaciones